IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

EDWARD D. ELIASON and RACHELLE D. ELIASON,

                              Plaintiffs,                    ORDER

v.

                                                                 19-cv-829-wmc

SUPERIOR REFINING COMPANY, LLC,

                              Defendant.
───────────────────────────────────────────────────────────────

On August 27, 2020, plaintiffs filed a motion to compel discovery (dkt. 39) to which defendant filed its opposition on September 3, 2020 (dkt. 40). On September 8, 2020, the court set a telephonic hearing for September 10, 2020 (today). On September 9, 2020, plaintiffs filed an unbidden reply (dkt. 41), which is prohibited by the preliminary pretrial conference order, *see* dkt. 31 at 3, thereby forfeiting their right to a hearing on their motion. You either get a reply or a hearing, you don't get both.

This doesn't actually cost the plaintiffs anything, because at the hearing, the court would have asked plaintiffs if they had any oral reply, then issued this ruling: the motion to compel is denied without prejudice to a narrower renewal, if necessary, after completing a thorough meet-and-confer process. Here's why:

Plaintiffs' requests in RFP 2 for "all statements of any witness" and in RFP 6 for "all written discovery responses in any other litigation" are too broad and too vague. Defendant is correct that, as a general matter, simply asking an opponent to turn over everything it generated in other lawsuits is unacceptable: you have to specify what it is you are looking for that is actually relevant to your case. Plaintiffs claim in reply that they are *not* seeking information about defendant's reimbursement program, personal health information about other victims, or defendant's "loss of use" expert; none of this is not clear from their RFPs to the defendant or in their unqualified motion to compel. This all should have been clarified by meeting and

conferring before filing the motion  To the same effect, there is at least some room for discussion–read "meet and confer"–about what qualifies as a "statement."  Plaintiffs express umbrage that defendant did not disclose the existence of deposition transcripts, but in the absence of a definition of "statement" in the body of plaintiffs' second set of RFPs, it would not be "duplicitous" to ask in good faith whether the term is meant to include deposition transcripts.

Now that plaintiffs have clarified this point–which includes their exclusion of the "loss of use" expert's deposition testimony–plaintiffs express further frustration that defendant won't simply turn over the requested deposition transcripts due to the protective orders in the *Bruzek* and *Mayr* lawsuits.  This frustration is misguided.  Those are orders entered by this court in separate lawsuits, *see* 18-cv-697-wmc, dkts. 62 & 64; 18-cv-917-wmc, dkts. 49 & 50.  If defendant violated them, then it would be subject to possible contempt sanctions.  The fact that the material sought by plaintiffs in this lawsuit was generated by defendant doesn't give the defendant a unilateral right to ignore the protective orders.

This is not an unusual situation in civil litigation, and there is a routine procedure for dealing with it: defendant must file motions in *Bruzek* and in *Mayr* seeking leave to disclose specified information to plaintiffs in this case, with a showing why leave should be granted.  The plaintiffs in *Bruzek* and *Mayr* then would have the right to be heard in opposition.  Either defendant can proffer their lack of opposition (after actually checking), or the court will schedule a response deadline allowing those plaintiffs to be heard if they wish.

Without meaning to look for trouble, if leave is granted and defendant insists as a quid pro quo that it will only turn over the requested deposition transcripts if plaintiffs surrender their right to depose the same witnesses in this case, plaintiffs do not have to capitulate.  As defendant has observed, every one of these explosion lawsuits is different, and plaintiffs in this

one might need to generate different or additional testimony from witnesses who testified in the other cases. Of course, a new deposition of an old witness would not be a complete do-over: it would have to be focused on generating new information. But that would be part of a more thorough meet-and-confer process at that time.

In sum, plaintiffs jumped the gun. True, the pretrial conference order does warn that it expects parties to file discovery motions promptly if self-help fails, dkt. 31, but this admonition follows the direction that the parties must make a good faith attempt to resolve the dispute. *Id.* It is common for such attempts to encompass a series of emails and phone calls over a seven- to ten-day period. There was no time crunch in the instant case that would justify short-circuiting this process.

In opposing plaintiffs' motion, defendant requests "all such other relief to which it may show itself justly entitled." Dkt. 40 at 14. This is too vague to qualify as a request for cost-shifting under Rule 37(a)(5)(B), so each side will bear its own costs on this motion. Because cost shifting is not a sanction, the parties should expect cost-shifting if requested on any future discovery motions.

It is ORDERED that plaintiffs' motion to compel is DENIED and the September 10, 2020 telephonic motion hearing is CANCELED as unnecessary.

Entered this 10th day of September, 2020.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge