IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDWARD D. ELIASON, and
RACHELLE D. ELIASON,

        Plaintiffs,

v.                                                        19-cv-829-wmc

SUPERIOR REFINING
COMPANY LLC,

        Defendant.

---

PENNY L. BELL-YELLIN
and BRUCE M. YELLIN,

        Plaintiffs,

v.                                                        20-cv-631-wmc

SUPERIOR REFINING CO, LLC,

        Defendant.

---

CHERRIE D. MOORE,

        Plaintiff,

v.                                                        20-cv-632-wmc

SUPERIOR REFINING CO, LLC,

        Defendants.

---

ROBERT FAGAN, SHAWN HAGENAH,
BRADLEY A. JENSEN, DANIEL THOMAS,
AND JOSEPH G. STEPHANI,

        Plaintiffs,                              OPINION AND ORDER

v.                                                        20-cv-685-wmc

SUPERIOR REFINING CO., LLC,

        Defendant,

TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT,

                Intervenor.
_____

EDWARD WYSOCKI and
LESLIE WOOD,

                Plaintiffs,
   v.
                                                          21-cv-6-wmc

SUPERIOR REFINING
COMPANY LLC,

                Defendant.
_____

**OPINION AND ORDER SETTING STATUS CONFERENCE TO ADDRESS
CONSOLIDATION AND CERTAIN PENDING MOTIONS TO DISMISS**
_____

      Each of the above-captioned cases concern personal injury claims arising out of an explosion at the Superior Refinery Company, LLC, during a shut-down for repair and maintenance in April of 2018. Given the obvious overlap as to the liability issues presented in these cases, the court will request input from the parties as to their partial consolidation under Federal Rule of Civil Procedure 42 and "to secure the just, speedy and inexpensive determination" of like issues under Federal Rule of Civil Procedure 1.[1] Specifically, the parties are to confer to the extent possible in the next ten days as to the advisability of partial consolidation, with defendant to submit a brief first addressing its position on

---

[1] A related class action is also pending in *Bruzek v. Husky Energy, Inc.*, 18-cv-697-wmc. However, because the class certified specifically excludes personal injury damages, and because the parties are currently pursuing mediation, the court will not consider whether consolidation of that action is appropriate at this time.

partial consolidation, and plaintiffs to respond within 14 days later. Moreover, counsel for plaintiffs are strongly encouraged to confer, coordinate, and submit a joint filing if possible. However, if not, they may file separate responses. In this briefing, in addition to other matters related to partial consolidation, the parties should address the appropriateness of: (1) consolidation of any pretrial proceedings, including dispositive motions; (2) consolidation of a liability trial with separate damages trials; (3) designation of lead counsel for plaintiffs; and (4) issues of timing. The court will then hold a video status conference with the parties on April 30, 2021, at 11:30 a.m. to discuss possible consolidation.

Relatedly, this week, the court issued an order on defendant's motion to dismiss in the *Eliason* case, as well as an order addressing various motions in the *Fagan II* case. Still pending are motions to dismiss the operative complaints in the *Bell-Yellin* and *Moore* cases, which concern nearly the same claims and allege materially the same facts as those pleaded in the *Eliason* complaint, except for the allegations relating to the specific circumstances surrounding the plaintiffs' injuries.[2] Further, the arguments raised by defendant in its respective motions to dismiss are practically the same as those raised against the *Eliason* plaintiffs. Thus, for all the reasons discussed in the court's opinion and order in that case,

---

[2] In *Eliason*, plaintiff Edward Eliason alleges that he suffered serious injuries after he was knocked to the ground by the blast wave from the Refinery explosion, and his wife brings a derivative loss of consortium claim. In *Bell-Yellin*, plaintiff Penny L. Bell-Yellin alleges that she was physically injured due to smoke and chemical exposure caused by the explosion, and her husband, Bruce Yellin, claims loss of consortium. In *Moore*, plaintiff Cherrie D. Moore also alleges that she was physically injured due to smoke and chemical exposure caused by the explosion. All of the plaintiffs in these cases assert claims for negligence, strict liability (extrahazardous activity), and punitive damages against defendant Superior Refining Co., LLC.

defendant's motions to dismiss in the *Bell-Yellin* and *Moore* cases will be denied.[3]

ORDER

IT IS ORDERED that:

1) The parties shall confer on or before April 12, 2021, with respect to the advisability of partial consolidation of these cases on liability issues through trial; defendant shall submit a brief addressing its position as to consolidation on or before April 15, 2021; and plaintiffs may have until April 23, 2021, to respond. (Intervenor may also submit a brief on that latter date, if it is so inclined, but is not required to do so.)

2) The court will then hold a video status conference with the parties on April 30, 2021, at 11:30am.

3) Defendant's motion to dismiss in the *Bell-Yellin* case (20-cv-631, dkt. #12) is DENIED.

4) Defendant's motion to dismiss in the *Moore* case (20-cv-632, dkt. #12) is DENIED.

Entered this 1st day of April, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[3] Absent some unexpected deviation in the parties' briefing, the court also anticipates issuing a similar order once defendant's motion to dismiss in the *Wysocki* case comes under advisement at the end of the week.