IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDWARD ELIASON,

                      Plaintiff,                   OPINION AND ORDER

v.

                                                   19-cv-829-wmc

SUPERIOR REFINING CO., LLC,

                      Defendant.

Plaintiff Edward Eliason claims that he was injured in an explosion at an oil refinery in Northern Wisconsin on April 26, 2018. Specifically, he alleges that a blast wave from the explosion caused him to suffer traumatic brain injuries, permanent partial vision loss and permanent partial hearing loss, as well as other severe and life changing injuries. In this case, he further claims that the owner and operator of the refinery, Superior Refining Co. LLC, should be found negligent and strictly liable for his injuries.

Pending before the court is a dispute arising out of two, late-filed expert reports. The dispute originally was brought to the court's attention shortly before the summary judgment filing deadline, when defendant filed an "emergency motion" to strike two of plaintiff's expert's reports as untimely. At defendant's request, the court expedited briefing and held a hearing on June 3, 2021, in an attempt to address the dispute quickly. However, at that time, the motion was granted in part, denied in part, and reserved in part by holding that "neither party may use the disputed expert reports in support of or opposition to dispositive motions, but the court will reserve as to whether or not plaintiff should be precluded from using the reports in whole or in part at trial." (Dkt. #83.) Two weeks later, defendant again moved to strike one of plaintiff's *Daubert* motions on the ground

that the motion relied in part on one of these disputed, late-filed reports. (Dkt. #159.) However, now having considered fully the disputed reports, the court will deny the remainder of defendant's original motion (dkt. #83) and deny in whole the latter motion (dkt. #159). For the reasons discussed below, both reports may be used at trial and in pretrial motions, including plaintiff's pending *Daubert* motion.

At issue are the expert reports of Drs. Travis Snyder and Jeri Morris, which plaintiff disclosed to defendant on June 1, 2021. Plaintiff contends that both reports are rebuttals to reports submitted by defendant. "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008). The court agrees that Dr. Synder's report is proper rebuttal to the report of defendant's expert, Dr. James Kelly. In particular, Dr. Kelly reviewed three MRIs taken of plaintiff Eliason's brain -- one before and two after the explosion. Dr. Synder purports to analyze those same three MRIs. As for Dr. Morris's report, it is a neuropsychological evaluation based on an interview with Eliason and various other documents, including the neuropsychological examination report and raw data of defense expert Dr. Michael McCrea. As plaintiff explains in detail in his opposition brief, (Pl.'s Opp'n (dkt. #81) 10-13), Dr. Morris's report is also reasonably viewed as rebuttal in that it is being offered to contract with, impeach, and/or defuse the neuropsychological conclusions of Dr. McCrea's report.

Even though proper rebuttal reports, the problem remains that plaintiff did not timely disclose these reports. Indeed, plaintiff's expert rebuttal disclosure deadline was January 20, 2021, under the Federal Rules of Civil Procedure, and the two disputed reports

2

were not disclosed until June 1, 2021. (Dkt. #47.)[1] In response, plaintiff argues that the reports were *not* untimely because defendant did not produce documents relied on by Dr. McCrea and Dr. Kelly until May 21, 2021, despite requests from plaintiff. According to plaintiff, if anything, *defendant's* disclosures were the untimely ones because defendant did not produce certain documents underlying its experts' reports.

Under the Federal Rules of Civil Procedure, an expert report is required to contain "the facts or data considered by the witness in forming" his opinion to be considered complete. Fed. R. Civ. P. 26(a)(2)(B)(ii). The court does not, however, understand this requirement to mean that the report must simultaneously attach all the documents *considered* by the expert. Not only would doing so often be overly burdensome, since experts often consider many sources in arriving at their conclusions, but the rule states that the expert report must disclose (i.e. make known), what facts and data he considered, not necessarily include all the underlying documents considered, particularly if not relied upon in forming the expert's opinions in the case.

Of course, a party may seek in discovery those underlying documents, as plaintiff did here, but the failure to attach them does not render the expert report incomplete. Moreover, if a party is in need of documents not timely produced, the remedy is to move for their prompt production, not sit on their rights. Thus, plaintiff's excuse for his late-disclosure of rebuttal reports is unpersuasive, and the court concludes that the reports of

---

[1] Defendant's initial expert deadline was December 21, 2020. (Dkt. #47.) The court did not specifically set a rebuttal deadline and so the default rule set by the Rules of Civil Procedure applies: rebuttal reports are due within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii).

Drs. Morris and McCrea were untimely. However, this does not automatically mean that the late-filed reports must be excluded.

Under Rule 37, if a party fails to disclose an expert report, the party is not allowed to use that evidence on a motion, at a hearing, or at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The following factors are relevant to considering whether previously undisclosed evidence should be admitted: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (citing *Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir. 1995)).

Here, these factors caution strongly against exclusion at trial. Discovery remains open until October 12, 2021, with the trial set for November 29, 2021. (Dkt. #67.) This leaves plenty of time for defendant to review and prepare for these reports, and their admission will certainly not disrupt trial. Although defendant's response to plaintiff's *Daubert* motion, which seeks to exclude or limit the testimony of Dr. Steven Rundell and relies in part on Dr. Synder's rebuttal report, is obviously a much closer deadline, it is hard to discern any meaningful prejudice to plaintiff in its consideration. Indeed, defendant is armed with its own expert report analyzing the same three MRIs that Dr. Synder reviewed in his report.[2] Further, the court see no evidence of bad faith in plaintiff's delay. To the

---

[2] The court must also address defendant's argument that plaintiff's reliance on Dr. Synder's report in his *Daubert* motion somehow violated this court's earlier order regarding the disputed reports. As noted above, the court's order *only* prohibited the use of these disputed reports at summary

4

contrary, between January 27, 2021, and April 30, 2021, this case was stayed to permit mediation at the request of *both* parties. Thus, it was not until May 21, 2021, that defendant produced previously-requested documents underlying its own experts' reports.

Accordingly, the court finds no basis to exclude these untimely reports based on prejudice, disruption or bad faith. Both rebuttal reports may be used at trial and in pretrial motions, including plaintiff's *Daubert* motion, although the court's previous order prohibiting either party from relying on them at summary judgment stands.

ORDER

Accordingly, IT IS ORDERED that:

1) The remainder of defendant's motion to strike plaintiff's untimely expert reports (dkt. #76) is DENIED.

2) Defendant's motion to strike plaintiff's *Daubert* motion (dkt. #158) is DENIED.

3) Should it wish, defendant may also have until August 16, 2021, to file a *Daubert* motion challenging these late-disclosed expert reports, with a response due by August 30, 2021, and a rebuttal reply, if any, due on September 7, 2021.

Entered this 14th day of July, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

judgment, and specifically reserved as to whether they may play a role at trial. Thus, plaintiff use of the disputed report in *Daubert* motion -- the point of which is to determine the admissibility of evidence at trial -- did *not* violate this order.